Although I concur without reservation in the affirmance of appellant's conviction, I write separately because I cannot agree with the flawed reasoning of the foregoing opinion.
The reasoning set forth in the author's opinion erroneously focuses on appellant's failure to seek medical attention for the one-month-old child. This implies that "duty of care" is interpreted to mean only "duty to seek medical attention," when in fact parents have many obligations that constitute legally mandatory duties of care. The implication of narrowing the definition of duty of care in this case is that a parent can watch a person beat their child and do nothing to protect the child as long as the parent takes the child to the hospital immediately after the beating.
In this case the issue was whether appellant violated "a duty of care, protection, or support." R.C. 2919.22(A). The doctors testified that the blows to the one-month-old's head occurred within forty-eight hours of the child's arrival at the hospital, and that the abdominal injuries were certainly inflicted within twenty-four hours of the child's arrival. Appellant stipulated that the child was severely injured. Appellant does not challenge that the injuries were consistent with battered child syndrome, nor does appellant challenge the conviction based on whether there was evidence that the injuries were the result of either intentional or reckless conduct. Appellant contends, however, that there was insufficient evidence linking her to the child's injuries. Specifically, appellant argues that the evidence was insufficient to support a conviction under R.C. 2919.22(A) because, appellant asserts, there was a lack of evidence that there was any delay in seeking medical attention for the child.
The evidence indicates that appellant, by her own admission, was the primary caregiver of the one- month-old throughout the critical time of the events in which the child received her injuries. Appellant admitted that three of the five different explanations she gave for the injuries were lies. The trier of fact was free to believe all, part, or none of appellant's testimony. State v. Jackson (1993), 86 Ohio App.3d 29, 33,619 N.E.2d 1135.
Based on the circumstantial evidence in this case, we cannot substitute our judgment for that of the jury. I reach the same result as the author and would affirm the juvenile court's judgment. See State v. Cudgel (Mar. 9, 2000), Franklin App. No. 99AP-532, unreported.